## WILLIAMS *v.* CHANEY, et al.

No. 41143          May 11, 1959          112 So. 2d 231

*Bell & McBee,* Greenwood, for appellant.

*John J. Frazier, Jr., Lott & Sanders,* Greenwood, for appellee.

GILLESPIE, J.

This case involves the boundary line between two plantations. The chancellor found for the appellee Chaney, who was defendant in the court below, and the facts must be stated in the light most favorable to the successful party where there is any conflict. The strip of land

in dispute is claimed by the respective parties from a common source, towit: A. B. Waid, who, on February 16, 1943, owned 800 acres of land, more or less, in one tract, and on that date the said A. B. Waid conveyed to W. J. Bryan certain lands described by metes and bounds, being the west portion of said 800 acres, more or less, the deed reciting that the land conveyed was 400 acres, more or less.

In the deed from Waid to Bryan, the easterly boundary is described as follows: Beginning at a point 8 chains east of the NW corner of the NE¼ of Section 1, Township 18, Range 1 E in Leflore County, Mississippi, "thence south 39 degrees east to a stake on the south boundary of Section 6, Township 18, Range 2 E, Carroll County, Mississippi, thence in a westerly direction along said boundary line 8 chains, more or less, to SW corner of said Section 6."

Bryan died and his widow, who thereafter remarried, on February 10, 1951, conveyed the same lands by the same description to B. C. Chaney, the defendant below and appellee here.

A. B. Waid conveyed the eastern portion of said 800 acres of land, more or less, to T. A. Guy on January 1, 1945. The western boundary line of the land thus conveyed, which would be the eastern boundary line of the appellee's land, is described as follows: Beginning 8 chains east of the NW corner of the NE¼ of Section 1, Township 18, Range 1 E in Leflore County, Mississippi; "thence on a line south 39 degrees east to a point where said line intersects the south and east boundary line of a public road known as Sidon or Black Hawk public road, and the point of beginning of the property hereby conveyed; from said point of beginning run on a line south 39 degrees east to a point where said line intersects the south boundary line of the W½ of the SW¼ of Section 6, Township 18, Range 2 E, 8 chains more or less, east of the southwest corner of said Section 6, Car-

roll County, Mississippi.'' The deed recited that it conveyed 409 acres, more or less.

T. A. Guy died and his heirs conveyed to the complainant below and appellant here, Harry Flowers Williams, on March 15, 1952, the same lands by the same description as contained in the deed from Waid to T. A. Guy.

It will thus be seen that the appellee and the appellant had a common boundary running southeasterly from a point on the south side of the Sidon or Black Hawk Road. This boundary line is in dispute.

Appellant filed his bill against the appellee charging that a mistake or error was made in the deeds from Waid to Bryan and from Waid to Guy and in the other deeds hereinabove mentioned; and charged that the course of the boundary line between said tracts running south 39 degrees east would intersect the southern boundary of said Section 6, 22 chains east of the point called for in said deeds; that a line running between the two stated points would run from the point of beginning south 27 degrees 22 minutes east; that if the boundary line runs on a course south 39 degrees east, appellee would acquire approximately 70 acres of land more than his deed called for, and appellant would have approximately 70 acres less than his deed called for; that the true line between appellant's land and the appellee's land runs south 27 degrees 22 minutes east. Appellant prayed for cancellation as a cloud upon his title the claim of appellee to the disputed strip, consisting of about 70 acres of land, and to have the boundary line established as running north to south on a line south 27 degrees 22 minutes east. We shall refer to the line claimed by appellee as the 39 degree line, and the line claimed by appellant as the 27 degree line.

Since Waid sold the western portion of his land to appellee's predecessor in title the 39 degree line has been considered as the line between the two tracts until

a short time before this lawsuit was filed. The 39 degree line has been marked by physical evidence of a turnrow and fence, since about the time Waid made the first sale of the western portion of his lands to Bryan in 1943. During 1943, after Waid had deeded the west portion of his lands to Bryan, Waid had a two-strand fence built along the 39 degree line, and that line was recognized as the boundary line between the two tracts of land by the respective owners thereof until shortly before this suit was filed. Each owner cultivated the part in cultivation up to that line on each side of the fence and turn row. Part of the lands in dispute are in woods and part in cultivation. There are several strips of land on the ridges which are in cultivation. The other is low and woody. The fence built in 1943 extended across the wooded part as well as the cultivated part. By 1953, this fence was down in places, and up in places. After appellant bought his land, he proposed to appellee that a fence be built between them. Although disputed by appellant, he represented that he knew the line and appellee agreed that appellant should build the fence and the cost would be divided. This was done in the year 1953. This new fence was built along the 39 degree line and along the same course as the old fence and turn row that had been there for about ten years at that time. It was after appellant had the land surveyed and found that he was actually getting only about 334 acres of land that a dispute arose as to the location of the boundary. This 39 degree line runs on the same course north of the Siden road as it does south of the road, and is the division between the respective property owners east and west of that line and north of the Sidon or Black Hawk road. The map prepared by appellant's surveyor is included in this opinion and the disputed area is shown in shaded lines.

EXHIBIT ___A___ TO TESTIMONY

Abbott

EG_____ . _____Official Reporter_____

The question involves a construction of the deeds as to whether the terminal point called for in the deeds at the southerly end of the course between the two properties should prevail, that terminal point being 8 chains more or less east of the southwest corner of said Section 6, or whether the course being south 39 degrees east should prevail. As already indicated, the 39 degree line intersects the southern boundary of Section 6 approximately 30 chains east of the southwest corner of said Section 6. All of the deeds call for the intersection at 8 chains, *more or less,* east of the southwest corner of Section 6. The 27 degree line claimed by appellant, would intersect at approximately 8 chains east of said southwest corner.

▮▮ There are a number of rules of construction cited and relied upon by the parties. The rule applicable to this case is stated in 8 Am. Jur., Boundaries, Section 50, page 782, as follows: "Another basic consideration is that those particulars of a description which are uncertain and more liable to error and mistake must be governed by those which are more certain; that one should be retained and given efficacy which is the most certain and the least susceptible to mistake."

▮▮ We are of the opinion that under the particular situation here involved that the place where the boundary line intersects the southern boundary of Section 6 (stated in the deeds as being 8 chains, *more or less,* east of the southwest corner) is more liable to be erroneous than the course. The course of the boundary line could be easily observed and determined from the Sidon or Black Hawk road, and from that part of the lands which was in cultivation. A surveyor could no doubt determine with fair accuracy the point of intersection of the boundary line with the southern boundary of Section 6 by calculation, using the starting point and the course as the basis. But finding said point of intersection on the ground required surveying through a large area of woods, some of which was waist deep in water when one sur-

veyor attempted to survey the line prior to trial. It seems to us under all the circumstances that it was more important to the parties to the various deeds to know the course than where the property cornered. Furthermore, the course running south 39 degrees east is unequivocal and definite; the point of intersection with the southern boundary of Section 6 is given in all the deeds as 8 chains, *more or less,* east of the southwest corner.

The chancellor's decision is further justified under the rule which is stated in 16 Am. Jur., Deeds, Section 174, and approved by this Court in Sumter Lumber Co. v. Skipper, 183 Miss. 595, 184 So. 296, and Cummings v. Midstates Oil Corp., 193 Miss. 675, 9 So. 2d 648, as follows:

■■■ "174. Contemporaneous or Practical Construction. — A deed which is ambiguous or uncertain may be definite and certain by the practical construction of the parties to it while in interest. The construction put on such a deed by the parties is an indication of their intention. ■■■ Therefore, where the construction of a deed is doubtful, great weight is to be given to the construction put upon it by the parties, especially in the case of doubtful questions which must be presumed to be within their knowledge, and such practical interpretation of the parties themselves by their acts under a deed is entitled to great, if not controlling, influence."

■■■ ■ Shortly after the deed from Waid to Bryan, appellee's predecessor in title, a fence was built on the 39 degree line by Waid's employee. This employee testified that it was not built on the true boundary line, but the chancellor could reject this testimony. Nevertheless, the 39 degree line was recognized by Waid and Bryan until Waid deeded the land now owned by appellant to T. A. Guy in 1945, and as already stated, the owners of the two tracts recognized the 39 degree line as the boundary until shortly before this suit was

brought, about fourteen years in all. It is improbable that Waid would have built the fence in 1943 on the 39 degree line and recognized that as the line between his remaining land and that of Bryan, unless the parties intended for that to be the boundary line.

The chancellor also found that appellee has been in adverse possession of the disputed strip for more than the statutory period. We need not consider that question, since our decision on the construction of the deeds affirms the action of the chancellor.

Affirmed.

*Roberds, P. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.